MARK G. HENNESS, ESQ.
Nevada Bar No. 5842
STEPHEN J. MENDENHALL, ESQ.
Nevada Bar No. 15286
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 862-8200 Telephone
(702) 862-8204 Facsimile
mghesq@hennessandhaight.com
stephenm@hennessandhaight.com
*Attorneys for Plaintiff*

-and-

JOEL D. HENRIOD, ESQ.
Nevada Bar No. 8492
ANDREW R. GUZIK, ESQ.
Nevada Bar No. 12758
EGLET ADAMS
EGLET HAM HENRIOD
400 South 7th Street, Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
Email: eservice@egletlaw.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SCOTT DALE, Individually and as Executor of the Estate of CAROL ANN SCANLON, deceased;

Plaintiffs,

vs.

UNITED STATES; and DOES 1-50,

Defendant.

Case No.:  2:24-cv-01896-JAD-EJY

**STIPULATED DISCOVERY PLAN AND SCHEDULED ORDER** [PROPOSED]

SPECIAL SCHEDULING REVIEW REQUESTED BY DEFENDANT

Plaintiff, SCOTT DALE, individually and as Executor of the Estate of CAROL ANN SCANLON, by and through his counsel of record and Defendant, UNITED SATES, by and through its counsel of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and LR 26-1.

## I.    DEFENDANT'S BASIS FOR SPECIAL REVIEW

Four different sets of plaintiffs have initiated four separate lawsuits against the United States of America under the Federal Tort Claims Act ("FTCA") bringing wrongful death claims alleging negligence by Federal Aviation Administration ("FAA") air traffic control, arising from the midair collision of two aircraft on approach to North Las Vegas Airport on July 17, 2022. The cases are in different stages of litigation. Specifically:

On August 13, 2024, the Chiaramonti Plaintiffs filed their complaint seeking compensation for the wrongful death of Anthony Chiaramonti (the "Chiaramonti Action," Case No. 2:24-cv-01484), who was in the Cessna 172 plane owned by Airwork Las Vegas, Inc. (the "Airwork Plane"), and, on October 18, 2024, Defendant filed its answer in the Chiaramonti Action.

On August 13, 2024, the Tidwell Plaintiffs also filed their complaint seeking compensation for the wrongful death of Zachary Rainey who was also in the Airwork Plane (the "Tidwell Action," Case No. 2:24-cv-01490), and on October 21, 2024, Defendant filed its answer in the Tidwell Action.

On September 17, 2024, another plaintiff filed her complaint in *Cathy Zee Anderson, as personal representative of the Estate of Donald S. Goldberg v. United States of America*, Case No. Case No. 2:24-cv-01737-JAD-EJY, seeking compensation for the wrongful death of Donald S. Goldberg who was in the Piper PA 46-350P owned by Mr. Goldberg (the "Goldberg Plane"). The Defendant filed its answer in this case on December 10, 2024.

On October 10, 2024, Plaintiff, Scott Dale, individually and as Executor to the Estate of Carol Ann Scanlon filed his complaint in *Scott Dale, Individually and as Executor of the Estate of Carol Ann Scanlon, deceased, v. United States*, Case No. 2:24-cv-01896-JAD-EJY, seeking compensation for the wrongful death of Carol Scanlon who was also in the Goldberg Plane. The United States filed a Motion to Dismiss Individual Claims and to Strike Doe Defendants in Lieu of an Answer on December 26, 2024.

## II.    JUSTIFICATION FOR DISCOVERY PERIOD LONGER THAN 180 DAYS

Since there are the four separate lawsuits claiming wrongful deaths arising from the same mid-air collision and alleging negligence by FAA air traffic control, the Parties feel the only

reasonable approach is coordinated deposition discovery across all four cases to avoid multiple depositions of the same witnesses and to avoid multiple inspections and disruptions of the control tower at North Las Vegas Airport.

### III.   RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred by telephone on January 15, 2025. Stephen J. Mendenhall, Esq. of HENNESS & HAIGHT and Joel D. Henriod, Esq. of EGLET ADAMS EGLET HAM HENRIOD attended on behalf of Plaintiff. Debra Fowler, Esq. of the United States Department of Justice attended for Defendant.

### IV.   DISCOVERY PLAN

#### A.   LR 26-1(a) & Initial Disclosures under Fed. R. Civ. P. 26(a)(1)

The parties will exchange their Fed. R. Civ. P. 26(a)(1)(C) initial disclosure statements by Wednesday, **January 29, 2025**., 14 days from the date of their Fed. R. Civ. P. 26(f) conference.

#### B.   Subjects on Which Discovery May Be Needed (Fed. R. Civ. P. 26(f)(3)(B))

Discovery is needed on all liability and damages issues, including affirmative defenses. The parties agree that issues relating to liability and damages discovery should be conducted simultaneously, with the exception noted in Section II above. The schedule set forth below will allow the parties to begin written and documentary discovery until such time as the United States has appeared in all four cases arising from this midair collision, at which time the parties in all four cases will confer on the need for a revised joint discovery schedule for depositions and inspections. Expert discovery may be conducted after liability and damages discovery is completed. The parties propose the following schedule:

1. **Discovery Cut-Off: August 29, 2025.**

2. **Deadline for amending pleadings/adding parties: May 23, 2025.**

3. **Fed. R. Civ. P. 26(a)(2) Disclosures:**

   i.   **Expert disclosures: June 13, 2025.**

   ii.  **Rebuttal expert disclosures: August 1, 2025.**

4. **Dispositive motion deadline: September 26, 2025.**

**5.**      **Joint pretrial order: October 24, 2025.**

However, if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**6.**      **Fed. R. Civ. P. 26(a)(3) Disclosures:**

Unless the Court orders otherwise, the disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections to them, must be included in the joint pretrial order in accordance with LR 26-1(b)(6).

**7.**      **Alternative Forms of Case Disposition:**

In compliance with LR 26-1(b)(7), the parties certify they have conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. Plaintiffs are open to mediation, and Defendant believes that discovery concerning Plaintiffs' damages is needed before alternative dispute methods are viable.

**8.**      **Alternative Forms of Case Disposition:**

The parties further certify that they have considered consent to trial by the Magistrate Judge under 28 U.S.C. § 6363(c) and Fed. R. Civ. P. 73, as well as use of the Court's Short Trial Program (General Order 2013-01). Neither Plaintiffs nor Defendant consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c) or use of the Short Trial Program.

**9.**      **Electronically Stored Information ("ESI"):**

The parties recognize that ESI may be involved in this matter and prefer to deal with such information on an ad hoc basis, as issues may arise. The parties shall meet and confer and otherwise and work in good faith with respect to the production of ESI. Further, the parties have discussed whether they intend to present evidence in an electronic format to the Court as fact-finder at trial, but no stipulations have been reached at this time regarding providing discovery in an electronic format compatible with the Court's electronic evidence display system.

**10.**      **Discovery Process:**

The parties may conduct discovery within the scope of Fed. R. Civ. P. 26(b).

///

///

4

**11.     Privileged or Protected Documents:**

The parties do not at this juncture anticipate production of confidential, trade secret, and/or commercially sensitive information during the pendency of this action. As such, the parties see no reason to propose a blanket protective order to be entered by the Court at this time. In the event that issues of confidentiality arise relating to any document any party seeks in discovery, the parties intend to work together in good faith to reach a compromise and attempt to submit a stipulated protective order to the Court without need to resort to motion practice.

**12.     Interim Status Reports:**

The interim status report may be filed no later than sixty (60) days prior to the discovery cut-off date, June 30, 2025.

**13.     Electronic Evidence:**

The attorneys of record in this matter are registered for electronic filing with the Court. Any document electronically filed with the Court is deemed to be sufficiently served on the other party as of the date the document is electronically filed with the Court. During their conference, the Parties agreed to accept service of materials that are not served by means of the CM/ECF system, including discovery requests, responses and expert reports via email, with such service being treated the same as hand delivery for purposes of the Federal Rules of Civil Procedure.

///

///

///

///

///

///

///

///

///

///

5

**14.    Extensions or Modifications of the Discovery Plan and Scheduling Order:**

LR 26-3 governs modification or extensions of this Discovery Plan and Scheduling Order.

DATED this 30th day of January, 2025.

| | |
|---|---|
| HENNESS & HAIGHT | UNITED STATES DEPARTMENT OF JUSTICE |
| */s/ Stephen J. Mendenhall, Esq.* | */s/ Debra D. Fowler* |
| _____ | _____ |
| MARK G. HENNESS, ESQ. | DEBRA D. FOWLER |
| Nevada Bar No. 5842 | Senior Aviation Counsel |
| STEPHEN J. MENDENHALL, ESQ. | ROBERT J. GROSS |
| Nevada Bar No. 15286 | Senior Trial Counsel |
| 8972 Spanish Ridge Avenue | U.S. Department of Justice. |
| Las Vegas, Nevada 89148 | Civil Division, Torts Branch |
| | Post Office Box 14271 |
| JOEL D. HENRIOD, ESQ. | Washington, D.C. 20044-4271 |
| Nevada Bar No. 8492 | |
| ANDREW R. GUZIK, ESQ. | |
| Nevada Bar No. 12758 | *Attorneys for Defendant* |
| EGLET ADAMS | |
| EGLET HAM HENRIOD | |
| 400 South 7th Street, Suite 400 | |
| Las Vegas, Nevada 89101 | |

*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

**UNITED STATES MAGISTRATE JUDGE**

**DATED:  January 30, 2025**