**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Scott Dale, individually and as executor of the Estate of Carol Ann Scanlon,

    Plaintiffs

v.

United States of America,

    Defendant

Case No.: 2:24-cv-01896-JAD-EJY

**Order Denying Defendant's Motion to Dismiss and Striking Doe Defendants**

[ECF No. 13]

    Scott Dale, individually and as executor of his mother Carol Ann Scanlon's estate, sues the United States of America for negligence after Scanlon died in a plane crash at the North Las Vegas Airport. The United States moves to dismiss Dale's individual claim, arguing that he did not exhaust it as required by the Federal Tort Claims Act (FTCA). Dale responds that he gave sufficient notice of his individual claim when he exhausted the Scanlon estate's wrongful-death claim. Because Dale put the government on sufficient notice of his individual-capacity claim, I deny the motion to dismiss.

    The United States also seeks to strike from Dale's pleading the reference to "Does 1–50," arguing that Doe defendants are not permitted in federal court. Dale doesn't oppose that request. So I grant the United States that relief and strike the Doe defendants from this action.

**Discussion**

**A.    The court may consider evidence beyond the complaint to resolve the government's facial attack.**

Because the Ninth Circuit has held that the FTCA's exhaustion requirement is jurisdictional,[1] the government moves for dismissal of Dale's individual claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[2] It mounts a factual attack on the complaint, arguing that Dale alleges that he met the FTCA's exhaustion requirement but that he in fact did not.[3] "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."[4] So I consider the exhaustion evidence attached to the government's motion to dismiss and Dale's response to resolve this dispute.

**B.    Dale exhausted his individual-capacity claim.**

"A federal court's jurisdiction to hear damage actions against the United States is limited by" 28 U.S.C. § 2675(a) of the FTCA.[5] That provision states that a plaintiff cannot bring a claim against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency" and the agency has either denied the claim or "six months have passed, whichever occurs first . . . ."[6] "Because the requirement is jurisdictional, it must be

---

[1] *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).
[2] *See* ECF No. 13 at 2.
[3] *Id.*
[4] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted).
[5] *Shipek v. United States*, 752 F.2d 1352, 1353 (9th Cir. 1985); 28 U.S.C. § 2675(a).
[6] *Shipek*, 752 F.2d at 1353.

strictly adhered to."[7] Since the FTCA waives sovereign immunity, "[a]ny such waiver must be strictly construed in favor of the United States."[8]

Congress enacted § 2675(a) to "ease court congestion and avoid unnecessary litigation," assist the government in "expedit[ing] the fair settlement of tort claims," and "provide for more fair and equitable treatment of private individuals and claimants" who have tort claims against the United States.[9] The Ninth Circuit has held that "Congress's purposes are served when (1) a claim gives an agency sufficient notice to commence investigation, and (2) the claimant places a value on the claim."[10] Section 2675(a)'s notice requirement is "minimal"[11]—"a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices to overcome an argument that jurisdiction is lacking."[12]

The United States doesn't contest that Dale filed a timely claim with the Federal Aviation Administration (FAA). He filed his claim on the government's Standard Form-95 (SF-95) and listed the claimant as "Carol Ann Scanlon, deceased, through personal representative, Scott Dale."[13] In the "personal injury/wrongful death" section of the form, Dale wrote "Carol Ann Scanlon, death as a result of blunt-force trauma, including pre-death pain and suffering."[14] Dale sought $50 million for the claim and signed the form using his name.[15] When the FAA failed to

---

[7] *Brady*, 211 F.2d at 502 (9th Cir. 2000) (cleaned up).

[8] *Id.* (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992)).

[9] *Shipek*, 752 F.2d at 1354.

[10] *Id.*

[11] *Id.*

[12] *Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982).

[13] ECF No. 13-1 at 2 (cleaned up).

[14] *Id.* (cleaned up).

[15] *See id.*

3

resolve the claim within six months, Dale filed this lawsuit on behalf of Scanlon's estate and also in his individual capacity as Scanlon's heir.[16]

The United States argues that, though the SF-95 claim sufficiently exhausted Scanlon's estate's FTCA claim, it didn't exhaust Dale's separate claim brought in his individual capacity.[17] The government points out that that Nevada's legislative scheme "creates two separate wrongful death claims, one belonging to the heirs of the decedent and the other belonging to the personal representative of the decedent, with neither being able to pursue the other's separate claim."[18] Because Dale didn't identify himself as a separate claimant for his own wrongful-death claim, the government argues, that claim is not exhausted and must be dismissed. It contends that this result is dictated by the statute's plain-language requirement that each claimant pursuing remedies in federal court first present his claim to the appropriate federal agency, and the only claimant listed on the SF-95 was Scanlon's estate.[19]

Dale responds that the government is reading § 2675(a) too strictly. He notes that he signed the claim form and sought pain-and-suffering damages, which are available under state law only for claims brought by heirs.[20] In contrast, a decedent's estate is limited to damages for medical and funeral expenses.[21] He also argues that his request for $50 million in damages

---

[16] *See* ECF No. 1.

[17] ECF No. 13.

[18] *Id.* at 4 (quoting *Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 915 (Nev. 2014)). Because the plane crash occurred in Nevada, Nevada law applies to the plaintiffs' substantive claims. *Richards v. United States*, 369 U.S. 1, 11 (1962) (holding that the FTCA "requires application of the whole law of the State where the act or omission occurred").

[19] ECF No. 13 at 6 (citing 18 U.S.C. § 2675(a)).

[20] Nev. Rev. Stat. § 41.085(4) (making "damages for pain, suffering, or disfigurement of the decedent" available to heirs).

[21] Nev. Rev. Stat. § 41.085(5) (limiting an estate's damages to medical expenses, funeral costs, and exemplary or punitive damages). Though punitive damages are typically available to an

4

should have provided notice that he was seeking individual damages, since that amount far exceeds what could be collected by the estate for medical and funeral expenses.[22] So, Dale theorizes, the government was sufficiently on notice that Dale was pursuing an individual claim in addition to his representative claim.[23] The government responds that there was no indication on the form that Dale was Scanlon's son and could sue as an heir.[24]

As support for its narrow interpretation of the claim form, the government offers the Ninth Circuit's opinion in *Johnson v. United States*.[25] Johnson was paralyzed in a car accident with an Air Force Sergeant.[26] He filed a claim against the United States, seeking $3,500,000 for his injuries.[27] Johnson listed his wife Clara as his spouse on the form, but he was the only one to sign it.[28] After the government denied the claim, the couple filed a lawsuit seeking $3,000,000 in damages for Johnson's injuries and $500,000 for Clara's loss of consortium.[29] The district court dismissed Clara's claim, finding that she did not exhaust under § 2675(a).[30] The Ninth Circuit upheld that dismissal, finding that "[o]nly . . . Johnson filed a Standard Form-95 claim against the United States."[31] The court noted that Johnson was the only claimant to sign the form and,

---

estate, the FTCA expressly forbids collection of punitive damages against the government. 28 U.S.C. § 2674.

[22] ECF No. 16 at 9.
[23] *Id.* at 7–11.
[24] ECF No. 17 at 3–4.
[25] *Johnson v. United States*, 704 F.2d 1431 (9th Cir. 1983).
[26] *Id.* at 1433.
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.* at 1444.

although Clara was listed as Johnson's spouse, the form didn't mention loss of consortium.  The court held that Clara's failure to file a claim frustrated the FTCA's primary goal to "facilitate satisfactory administrative settlements."[32]

*Johnson* is materially distinguishable.  In *Johnson*, the administrative claim failed to mention a claim for loss of consortium.  Here, Dale's request for pain-and-suffering damages and a sum certain greater than anyone's expected medical and funeral expenses put the government on notice that Dale was pursuing an individual claim in addition to the estate's claim because NRS 41.085(4) gives only heirs the right to seek that category of damages.  And in *Johnson*, the claimant's wife didn't sign the form or provide any other indication that she was seeking separate damages.  Here, however, Dale did sign the form and provided his contact information.

I conclude that the United States had notice of Dale's individual claim.  It was evident from the sum certain and the request for pain-and-suffering damages that Dale sought more than what was permitted if he were proceeding merely as the Scanlon estate's representative.  Dale is in the unique position of being able to seek both categories of wrongful-death damages available in Nevada, and he sufficiently indicated his intention to do so on the SF-95.  The fact that Dale did not specifically mention that he was Scanlon's son doesn't dictate a different result.  The government had ample opportunity to seek more information about the contours of his claim but chose not to.[33]  Dale's claim gave the government sufficient notice that he sought relief as an heir

---

[32] *Id.*

[33] *See Locke v. United States*, 351 F. Supp. 185, 188 (D. Haw. 1972) (finding that a high sum certain and the categorization of damages on claimant's SF-95 form provided sufficient notice that a wife's claim also encompassed claims of the decedent's minor children, noting that "[t]he government had every opportunity, for almost two years, to attempt a settlement" and "[h]ad it done so, it could not have remained unaware that others were involved").

6

and as the Scanlon estate's representative under Nevada law, so the government's motion to dismiss is denied.

**Conclusion**

IT IS THEREFORE ORDERED that the United States of America's motion to dismiss **[ECF No. 13] is DENIED.**

IT IS FURTHER ORDERED that, upon agreement of the parties, all references to defendants "DOES 1-50" in the complaint [ECF No. 1] are deemed **STRUCK**.

_____
U.S. District Judge Jennifer A. Dorsey
July 10, 2025